## CHANDLER *v.* CANDIA.

The commissioners of adjoining counties, to whom a petition for a highway in three towns was referred, having decided to lay it out, one of the towns made application in writing for an apportionment of the damages and expense, notice of the hearing upon which was served upon one of the selectmen of each of the other towns. *Held*, to be unnecessary to serve the notice upon the town-clerk, or upon more than one of the selectmen of each of the other towns. *Held*, also, to be no ground for setting aside the report, that a majority of the commissioners of one county would not have consented to lay out the highway unless a satisfactory apportionment of damages and expense had been made.

PETITION of G. B. Chandler, and others, for a new highway in Candia, Auburn, and Hooksett, referred to the commissioners for Rockingham and Merrimack counties. Report laying out the highway and apportioning the damages and expense.

Motion for judgment on the report of the commissioners.

Motion by the town of Candia that the report be set aside upon exceptions thereto filed, the third and fourth of which are thus stated by the presiding judge.

The third exception is, that " the commissioners have undertaken to assess part of the damages and expense of building said road upon the towns of Auburn and Candia, and did have a hearing thereon, without due notice to said towns." I find that after the commissioners decided to lay out the proposed highway, the town of Hooksett made application in writing, under the provisions of sec. 14, ch. 62, Gen. Stats., for an apportionment of the damages assessed and the expense of laying out and making said highway among the several towns in which said highway was laid out. Notice of this application was served upon one of the selectmen of each of said towns of Candia, Auburn, and Hooksett, by giving in hand to one, and leaving at the usual place of abode of each of the others, a copy of the application and order of notice, and of the appointment of a time and place of hearing thereon, more than fourteen days before said hearing.

And I find, as a matter of law, that said application, order of notice, service thereof, and the hearing thereon, were legal and sufficient; and that the apportionment of the said damages and expenses was legally made. The third exception is therefore overruled.

The fourth exception is, that " Parker Brown, Esq., and S. D. Johnson, Esq., two of said commissioners, were induced to sign said report and to lay out said highway in consideration of the assessment of part of the expense of building the same in said town of Hooksett upon the towns of Candia and Auburn, and not by the merits of said petition."

I find, upon all the evidence submitted and upon the facts stated in the report, that the said Brown and the said Johnson were induced to sign the report and to lay out the highway in consideration of the apportionment of a part of the damages and expense of building said road in Hooksett upon the towns of Candia and Auburn; and that, if such apportionment had not been made, a majority of the joint board would not have consented to the laying out of the highway, notwithstanding a majority of the joint board had announced their intention to lay out the road before such application was made by the town of Hooksett. No report had been made, nor was any made, or any decision reduced to writing, concerning the laying out of the road, until after the hearing and determination of the application of Hooksett; but I hold, as matter of law, that these facts do not invalidate the report and judgment of the commissioners in laying out the highway and apportioning the damages and expense. The fourth exception is therefore overruled.

The foregoing questions were reserved for the consideration of the whole court.

*Small*, for the petitioners.

The finding of the matter of law upon the third exception is correct. (1) The apportionment of damage was but an incident to the trial, of which no notice was required. Gen. Stats., ch. 62, sec. 14. (2) But notice in fact was given which was sufficient. Gen. Stats., ch. 62, sec. 1. The finding of the matter of law upon the fourth exception is correct. The finding of the matter of fact is entirely consistent with the idea that the commissioners acted honestly, since any member of the board might well decline to sign the report unless the damages were to his mind justly apportioned. At all events the facts found are not sufficient to overcome the presumption that the thing was rightly and honestly done. *Proctor* v. *Andover*, 42 N. H. 348.

*Hatch*, for Candia.

The third exception is founded upon the fact that by Gen. Stats., ch. 63, sec. 2, notice of petitions relating to highways must be given to the town-clerk as well as to the selectmen, as in the service of writs against towns under ch. 204, sec. 10. The apportionment of the expense of the highway is substantially a new proceeding. *Mitchell* v. *Holderness*, 29 N. H. 523; *Whittredge* v. *Concord*, 36 N. H. 530.

The fourth exception is, in substance, that the commissioners reported in favor of laying out the highway, not upon its merits, but expressly as to the Merrimack county commissioners, in consideration that part of the expense of building in that county should be assessed upon the towns in Rockingham county.

The questions of laying out and of imposing the expenses upon other towns are distinct in their nature. The one follows *after* the other. Gen. Stats., ch. 62, sec. 12; *Mitchell* v. *Holderness*, 29 N. H. 523. If such considerations as induced the majority of the commissioners to lay out this highway are permitted, the worst abuses will follow. The commissioners of adjoining counties will struggle to lay the burden upon each other, and roads will be built, which (as in this case) are not in the honest and unbiased judgment of the majority found necessary. Many commissioners will carelessly consent to the establishment of roads, provided they are to be no burden upon their consituents. See *Dudley* v. *Butler*, 10 N. H. 281; *Dudley* v. *Cilley*, 5 N. H. 528; *Goodwin* v. *Milton*, 25 N. H. 472; *Gurnsey* v. *Edwards*, 26 N. H. 229; *Turnpike* v. *Champney*, 2 N. H. 201.

BY THE COURT. I. We are of the opinion that it was not necessary to serve notice of the application of Hooksett upon the town-clerk, nor upon more than one of the selectmen of each of the other towns interested. The town of Candia was a party to the original petition,

and had due notice of the hearing before the commissioners on that petition.

Section 14 of ch. 62, Gen Stats., gives power to the commissioners, upon motion of any town interested (which of course includes any town that is a party to the proceeding), to apportion the damages assessed and the expense of laying out and making the highway among the several towns in which it may be, in such sums or shares to each as they may think just.

The act of July 8, 1850, gave commissioners power to impose upon towns in the vicinity, which in their judgment would be greatly benefited by the road, such portion of the expenses of constructing it as they might deem just and reasonable; and the act expressly provides for notice to such other towns of the hearing with reference to such apportionment. In *Webster* v. *Alton and New Durham*, 29 N. H. 369, it was held that it is not necessary that the towns in the vicinity of those through which a road is to pass, and which may be chargeable under this statute, should be made parties to the original application for the road, or be notified of the hearing upon the question of laying out the road. But where it is manifest that a town in the vicinity will be eventually charged by the commissioners with a portion of the expense, it is the better practice to make such town a party to the original petition for the road.

There would seem to be reasons quite as strong, to say the least, why towns in the vicinity, liable to be seriously affected by the laying out of a road no part of which is within their territorial limits, should have notice of the hearing on the question of laying out, as that towns through which the road is to be laid, and which are of necessity parties to the proceeding, should have notice of a motion by another of the parties to the same proceeding to have the expenses apportioned. Secs. 10, 11, 12, and 13, of ch. 62, Gen Stats., which embody, in substance, the act of 1850, with reference to imposing part of the expense upon towns in the vicinity to be greatly benefited by the road, contain an express provision as to notice to such other towns of the application. The omission of any provision as to notice in sec. 14—being the one under which the commissioners here acted—is a very strong expression of the legislative intent, that no notice should be required under sec. 14. Without an apportionment, each town must build that part of the road which lies within its own limits. Each town therefore has notice that it is to be charged with some proportion of the expenses, and also that its proportion may be ascertained and fixed by the commissioners, on motion of either of the other parties in the same proceeding.

If one of the towns interested, by an unconscionable arrangement with the commissioners, should contrive to be heard upon such an application behind the backs of the others, or if by any device knowledge of the application should be concealed from the others, and a secret and one-sided hearing be had, such conduct would certainly constitute a very gross outrage, and the report could not stand.

But nothing of that kind is claimed or pretended here. So far from

there being any fraudulent device or contrivance to conceal from Candia the application which Hooksett had a right to make, and which Candia knew they had a right to make, as they did, and in the course of the proceeding where it was made, the commissioners went so far as to serve a notice in writing upon one of the selectmen of Candia of the application fourteen days before the hearing upon it.

This proceeding before the commissioners cannot be distinguished, so far as regards this question, from a proceeding in court. Suppose the motion had been made, as it might properly have been made at the hearing upon the question of laying out, and one of the selectmen of Candia had been present and heard it, and the attention of such selectman had been specially called to the matter, and a time for hearing thereon had been fixed and publicly announced: what ground would there be for any pretence on the part of Candia that they had not knowledge and an opportunity to be present and be heard as to the apportionment?

This was one of the matters properly and legally arising upon the petition to lay out. It might legally and properly be raised at any time, at any stage of the proceedings, and by any town interested. All this Candia was bound to know. The notice to Candia on the original petition was sufficient notice of a hearing of all matters properly and legally arising on that petition from beginning to end. Moreover, the formal notice to Candia, served upon one of their selectmen, is strong and we think sufficient evidence of actual knowledge on the part of Candia that the application had been made by Hooksett, and of the time set down for a hearing. Our opinion, therefore, is, that Candia is in no situation to complain of what was done by the commissioners in this respect, and that the technical objection as to sufficiency of notice was properly overruled.

II. It was entirely proper that Brown and Johnson, as stated in the fourth exception, should agree to lay out the highway, provided that a satisfactory apportionment should be made in favor of Hooksett, and not otherwise. It may not have been their duty to lay out a road which in their judgment the public good required, if it could only be done on conditions they deemed unjust. That the commissioners announced their intention to lay out the road, when a portion of them did not intend to sign the report unless a just apportionment should be made, affords no ground of exception. Whether the commissioners had or had not determined that the public good required that the road should be laid out before the application for an apportionment was made, is immaterial.

*Judgment on the report.*